NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KIMBERLY JACKSON,

Plaintiff-Appellant,

v.

WELLS FARGO BANK, N.A., et al.,

Defendants-Appellees.

No. 15-16932

D.C. No.
2:13-cv-00617-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Submitted June 9, 2017[**]
Pasadena, California

Before: THOMAS, Chief Judge, KOZINSKI, Circuit Judge, and KORMAN,[***]
District Judge.

Kimberly Jackson executed a deed of trust securing a note on her Arizona

home. When Jackson defaulted, she sought a loan modification. Wells Fargo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9TH CIR. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***]     The Honorable Edward R. Korman, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

1

determined that she was "prequalified" for a loan modification and advised her of the need to submit certain income documentation. After Jackson failed to do so, Wells Fargo sent her a letter indicating that her loan modification application had been denied and that, although foreclosure proceedings would resume, she would not lose her home within the next thirty days. Twenty-three days later, her home was sold at a foreclosure sale.

The district judge granted Wells Fargo's motion to dismiss most of Jackson's claims, correctly finding them to have been pled in a conclusory fashion. FED. R. CIV. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotations omitted)). Jackson moved for summary judgment on the claims that survived dismissal. In response, Wells Fargo came forward with compelling evidence rebutting each claim, and argued in its opposition memorandum that it was entitled to summary judgment. Specifically, the evidence showed that the reason for the denial of Jackson's loan modification application was her failure to submit required income documentation, that it would have been unreasonable for Jackson to rely on any misrepresentations by Wells Fargo when numerous Wells Fargo employees gave Jackson the correct information, and that she could not have suffered

2

any damages because she did not have the funds to reinstate her mortgage, even if she had wished to do so.

On this appeal, Jackson argues there were two types of evidence that the district court either weighed improperly, or failed to consider. First, she emphasizes that Wells Fargo engaged in "unethical practices" relating to loan modification, which were the subject of a consent judgment with the Department of Justice. Evidence that Wells Fargo violated the law with respect to other loan modification applicants prior to its interactions with Jackson does not raise a triable issue of fact with respect to Jackson's claim. FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). Nor, as a non-party seeking damages for herself, could Jackson assert a claim for violation of the Wells Fargo-DOJ consent judgment.

Second, Jackson has submitted typed summaries of conversations she had with Wells Fargo representatives, which were prepared after this litigation began. Although the district judge did not rule on admissibility, these hearsay summaries do not satisfy the past recollection recorded requirements of FED. R. EVID. § 803(5). Indeed, this hearsay exception "is not often invoked where [as here] the witness is a party to the action, if only because parties are peculiarly unlikely to lack recollection

3

of the underlying events." 4 DAVID W. LOUISELL & CHRISTOPHER B. MUELLER, FEDERAL EVIDENCE 631 (1980). Significantly, Jackson did not submit an affidavit swearing to the information contained in the typed summaries. Nor do these summaries rebut Wells Fargo's showing that Jackson's reliance on any of the alleged misrepresentations was unreasonable.

Finally, the Arizona non-judicial foreclosure law claim, ARIZ. REV. STAT. § 33-807.01 (repealed 2014), was properly dismissed because Wells Fargo's compliance with the notice requirement was plain from the face of the complaint based on the April 2, 2010 letter.

**AFFIRMED.**